# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Patrick P. CHEN,
## Machinery Technician Third Class (E-4), U.S. Coast Guard

## CGCMS 24371

## Docket No.  1282

## December 9, 2008

Special Court-Martial convened by Commander, Coast Guard Group/Air Station Port Angeles. Tried at Port Angeles, Washington, on 17 January 2007.

| | |
|---|---|
| Military Judge: | CDR Genelle T. Vachon, USCG |
| Trial Counsel: | LT Jowcol I. Viña, USCGR |
| Defense Counsel: | LT Chad C. Temple, JAGC, USN |
| Appellate Defense Counsel: | LT Robert M. Pirone, USCGR |
| Appellate Government Counsel: | LT Ronald B. Seely, USCGR |

## BEFORE
## McCLELLAND, KANTOR & KENNEY
### Appellate Military Judges

Per curiam:

Appellant was tried by special court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of willfully disobeying a superior commissioned officer, in violation of Article 90, UCMJ; one specification of wrongful appropriation and three specifications of larceny, all in violation of Article 121, Uniform Code of Military Justice (UCMJ); one specification of housebreaking, in violation of Article 130, UCMJ; one specification of wrongfully using marijuana, in violation of Article 112a, UCMJ; one specification of forgery, in violation of Article 123, UCMJ; and one specification each of wrongfully providing alcohol to minors, wrongfully consuming alcohol while underage, wrongfully entering a parked automobile with intent to steal, and wrongfully giving a stolen firearm to another, all in violation of Article 134, UCMJ.  The military judge sentenced Appellant to a bad-conduct discharge, confinement for

twelve months, forfeiture of two-thirds pay per month for twelve months, and reduction to E-1. The Convening Authority approved only so much of the sentence as provides for a bad-conduct discharge, twelve months of confinement, reduction to E-1, and forfeiture of $802.00 pay per month for twelve months, and suspended confinement in excess of ten months for twelve months from the date the accused is released from confinement, pursuant to the terms of the pretrial agreement.

Before this Court, Appellant asserts that the providence inquiry to Additional Charge V, Specifications 1 and 2 (providing alcohol to minors and consuming alcohol as a minor) does not adequately reflect that Appellant had violated the provisions of the Revised Code of Washington 66.44.270(1) and (2) as assimilated by 18 U.S.C. § 13 and incorporated by Article 134, UCMJ, because the military judge failed to explain the provisions of the assimilated Washington state code and failed to elicit sufficient specific facts that show that Appellant's true actions actually violated the Washington state code.

We note that there is nothing in the record to indicate that the specifications were laid under clause 3 of Article 134, UCMJ, as crimes or offenses not capital, violating state law assimilated by 18 U.S.C. 13. Rather, the specification alleges a violation of clause 2 of Article 134, UCMJ, as conduct of a nature to bring discredit upon the armed forces. We do not perceive that this makes a significant difference to Appellant's argument or to our analysis.

Before a military judge may accept a plea of guilty, the military judge must explain the nature of the offense to which the plea is offered, Rule for Courts-Martial (R.C.M) 910(c)(1), Manual for Courts-Martial (2005 ed.), including the elements of the offense, *United States v. Care*, 18 USCMA 535, 40 C.M.R. 247, 253 (1969); and must be satisfied that there is a factual basis for the plea, R.C.M. 910(e). A guilty plea should not be set aside on appeal unless there is a "'substantial basis' in law and fact for questioning the guilty plea." *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991).

The Washington state laws at issue are written in clear, simple language. Wash. Rev. Code § 66.44.270(1) provides: "It is unlawful for any person to sell, give or otherwise supply

liquor to any person under the age of twenty-one years . . ."  Section 66.44.270(2)(a) provides: "It is unlawful for any person under the age of twenty-one years to possess, consume or otherwise acquire any liquor. . . ."  During the providence inquiry, the military judge asked the accused if he knew that Washington state law made it unlawful to commit such acts, using language close to the statutory language.  (R. at 56, 63.)  We find that the military judge sufficiently informed Appellant of the pertinent elements of Washington state law that he was alleged to have violated, and we further find that she elicited a sufficient factual basis for the pleas.  We find no substantial basis in law or fact for questioning the guilty pleas.  We reject the assignment of error.

## Decision

We have reviewed the record in accordance with Article 66, UCMJ.  Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved.  Accordingly, the findings of guilty and the sentence, as approved and partially suspended below, are affirmed.



For the Court,


Ryan M. Gray
Clerk of the Court